# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| Teresa Lynn Paulling, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) Civil Action No. 5:6-3810-RMG |
| vs. | ) |
| | ) |
| Nancy A. Berryhill, Acting, | ) |
| Commissioner of Social Security, | ) **ORDER** |
| | ) |
| Defendant. | ) |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain relief from the final decision of the Commissioner of the Social Security Administration denying her disability insurance benefits under the Social Security Act. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") December 15, 2017, recommending that the Commissioner's decision be affirmed. (Dkt. No. 24). Plaintiff filed objections to the Magistrate's Judge's R & R and the Commissioner filed a response. (Dkt. Nos. 26, 28).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme of the Social Security Act is a limited one. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is limited, "it does not follow, however, that the findings of the administrative agency are mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings." *Vitek*, 438 F.2d at 1157-58.

## Discussion

This appeal involves Plaintiff's challenge to the denial of disability insurance benefits. Plaintiff's claim is based primarily upon mental health related issues, including depression, attention deficit hyperactivity disorder and anxiety disorder. The record contains the findings and opinions of one treating physician, Dr. Michael Wilcox, and three non-treating examining health care providers, Dr. Cashton Spivey, Dr. John Custer, and Dr. Harriet Steinert. The Administrative Law Judge (ALJ) gave "little weight" to the opinions of Dr. Steinert because she had "diagnosed the claimant with mental impairments, but without accompanying mental limitations . . ." Tr. 27. The ALJ provided "only partial weight" to the opinions of Dr. Spivey,

-2-

noting that at one point in his report he found that the claimant had "fair to good attention and concentration" with the ability to perform simple and complex tasks and stated at another point in the report that the claimant would "would display some difficulty with persistence due to problems with attention and concentration." Tr. 27, 463. The ALJ also gave only "partial weight" to the opinions of Dr. Custer, noting his uncertainty regarding the claimant's diagnosis and treatment. Tr. 28, 483-86.

In regard to the findings and opinions of Plaintiff's primary treating physician, Dr. Wilcox, the ALJ documented the remarkably inconsistent responses Dr. Wilcox gave in a June 24, 2014 questionnaire and in a October 30, 2014 questionnaire. In the initial responses of June 24, 2014, Dr. Wilcox found that Plaintiff was "good" or "adequate" in all fields assessed, including the ability to perform simple and complex tasks, relate to others, and complete basic activities of daily living. He also found her attention/concentration to be adequate and her thought content appropriate. Tr. 387. However, in Dr. Wilcox's October 30, 2014 responses, he opined that Plaintiff had "marked restrict of activities of daily living," "marked difficulties in maintaining social functioning," and "deficiencies of concentration, persistence or pace resulting in frequent failure to complete tasks in a timely manner." Tr. 461-63. Dr. Wilcox did not address the striking inconsistencies in the two reports and nothing in his office notes during the period between June and October 2014 supported such a dramatic change in his findings and opinions. Tr. 455, 456, 457. After reviewing Dr. Wilcox's office notes, the ALJ provided "great weight" to the June 2014 report and "no weight" to the October 2014 report. Tr. 28.

The ALJ found the claimant retained the residual functional capacity for the full range of work at all exertional levels but placed a number of nonexertional limitations on Plaintiff's scope

of work. These limitations included unskilled work, defined as "simple, routine, and/or repetitive tasks in two-hour increments with customary breaks," no ongoing interaction with the public and co-workers, and no production pace work, such as work on an assembly line. Tr. 23. A vocational expert opined that there were such positions in significant numbers in the national economy that Plaintiff could perform with those limitations. Tr. 54-55.

The Magistrate Judge ably reviewed the record in this matter as well as the findings and conclusions of the ALJ and recommended that the decision of the Commissioner be affirmed. Plaintiff filed objections to the R & R, arguing the Magistrate Judge reweighed the evidence rather than relying on the ALJ's own analysis. Plaintiff also complains about the manner in which the opinions of the various experts were weighed and analyzed by the ALJ. (Dkt. No. 26). The Court has carefully reviewed the record in full and was struck by the significant internal conflicts in the opinions offered by the Dr. Wilcox and the examining physicians. This required the fact finder, here the ALJ, to weigh the often conflicting evidence and to make findings regarding the weight given the opinions of each of the experts. This weighing of the evidence is quintessentially the duty of the Commissioner, which is not to be overturned on appeal if there is substantial evidence to support the findings of the agency. The Court finds that there is substantial evidence to support the findings and conclusions of the Commissioner in this matter.

The Court is satisfied that the Magistrate Judge ably and thoroughly analyzed the factual and legal issues in this matter and appropriately recommended that the decision of the Commissioner should be affirmed. Therefore, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 10) as the order of this Court and **AFFIRMS** the decision of the Commissioner.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

January 12, 2018
Charleston, South Carolina